UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUY D. MASI

        Plaintiff,

v.                                        Case No. 06-11592
                                        Hon. Sean F. Cox

DTE COKE OPERATIONS, LLC;
GARY GROSS; BILL WETZEL; TOM JERE;
CHRIS CECOTTE; and BILL BACKEN,

        Defendants.

_____

## ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate's Opinion and

Order granting motion to compel final draft of "My Story." Both parties have briefed the issues.

For the following reasons, the Court **DENIES** Plaintiff's Objection to the Magistrate's Opinion

and Order granting motion to compel final draft of "My Story," and **AFFIRMS** the Magistrate's

Opinion and Order.

## I.   BACKGROUND

This action arises out of alleged employment discrimination when Defendant DTE

refused to re-hire Plaintiff. The underlying facts are sufficiently set forth in Magistrate Judge

Majzoub's Opinion and Order granting motion to compel final draft of "My Story," entered July

10, 2007. [Doc. 55].

Judge Majzoub ruled that, even though Plaintiff's counsel did not know about the first

draft of "My Story," when Plaintiff's counsel asserted attorney-client privilege for any

1

responsive documents not produced in response to Defendant's August 2006 request for production, Plaintiff's counsel asserted privilege over the first draft as well. The attorney-client privilege that attached to the first draft was waived because the first draft was provided to Plaintiff's union. When privilege is waived as to the first draft of a document, it is waived as to subsequent drafts as well. *Fort James Corp. v. Solo Cup Company*, 412 F.3d 1340, 1349 (Fed.Cir. 2005). Accordingly, Judge Majzoub ruled the final draft of "My Story" was not privileged. Judge Majzoub also ruled that Plaintiff did not establish that the final draft of "My Story" was protected by the work product doctrine because there was no affidavit or evidence to support an inference that the final draft was made in anticipation of litigation. Plaintiff testified in his deposition that the first draft of "My Story" was made for himself. [Motion Compel, Exhibit 4].

Plaintiff objects to Judge Majzoub's findings arguing that there is no basis for her finding that attorney-client privilege attached to the initial draft of "My Story." According to Plaintiff, Judge Majzoub sought to sanction Plaintiff for failing to produce a copy of the first draft of "My Story" by deeming the attorney-client privilege to have attached and later been waived. Plaintiff argues that such a sanction is contrary to law. Plaintiff also argues that the final draft of "My Story" should have been considered "work-product" based on Plaintiff's counsel's representations at the hearing and because Plaintiff's counsel asked Plaintiff for the final draft to assist in evaluating Plaintiff's case.

## II. STANDARD OF REVIEW

"When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."

*Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993)(citing 28 U.S.C. 636(b)(1)(A)).

Under this standard, the magistrate judge's determination may be overturned by the district court

only if it is 'clearly erroneous or contrary to law.'" *Id*. "A finding is clearly erroneous when the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *Heights Community Congress v. Hilltop Realty, Inc*., 774 F.2d 135, 140

(6th Cir. 1985). "The question is not whether the finding is the best or only conclusion that can

be drawn from the evidence, or whether it is the one which the reviewing court would

draw...[r]ather, the test is whether there is evidence in the record to support the lower court's

finding, and whether its construction of that evidence is a reasonable one." *Id*.

## III. ANALYSIS

### A. Attorney-Client Privilege

Magistrate Judge Majzoub ruled that Plaintiff waived any attorney-client privilege as to

the first draft of "My Story," when it was provided to his union. Under her ruling, because the

privilege was waived on the first draft, any subsequent assertion of attorney-client privilege as to

the final draft of "My Story" is also waived. This finding is not clearly erroneous. In its request

to produce documents, Defendant sought:

> Each document, including without limitation, tapes, grievances, letters,
> notes, recordings, calendars, diaries, e-mails or logs which in any manner relate
> to, concern, touch upon or pertain to (1) Plaintiff's application to work for
> Defendants; and (2) any conversations or communications between Plaintiff and
> any other person (including Defendants and representatives of Defendants) or
> other entity concerning any of the subjects raised by Plaintiff's allegations
> regarding the Defendants.

[Motion to Compel, Exhibit 2, pp.5-6]. Plaintiff does not contend that the first draft of "My

Story" is not responsive to this request. Plaintiff responded by asserting attorney-client

privilege:

> OBJECTION(S): 1. Attorney-client privilege; 2. Work product privilege/doctrine; Without waiving: Responsive documents have been produced with the Initial Disclosures of Plaintiff bearing Bates Stamp Numbers 000001 through 000456.
> * * *

*Id*. It is undisputed that Plaintiff did not produce the first draft of "My Story" in response to this request.

Magistrate Judge Majzoub found that the assertion of attorney-client privilege was binding, regardless of whether Plaintiff's counsel was unaware at the time of the first draft of "My Story." Judge Majzoub's finding is not contrary to law. "Statements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client." *U.S. v. Johnson*, 752 F.2d 206, 210-211 (6th 1985). The *Johnson* court also noted although a privilege may be personal to a client, such as the Fifth Amendment privilege, it can be invoked on the client's behalf by their attorney. *Id*. at 211, n.3. Plaintiff's counsel's assertion of privilege was binding notwithstanding Plaintiff's failure to disclose to his counsel the existence of the first draft of "My Story." To hold otherwise would allow the Plaintiff to benefit from withholding responsive documents from Defendant, and failing to communicate with his counsel.

In this case, Plaintiff's counsel asserted attorney-client privilege on behalf of Plaintiff for documents responsive to Defendant's above quoted request that were not produced. It is undisputed that the first draft of "My Story" was responsive and not produced. Accordingly, attorney-client privilege was asserted as to "My Story." However, that privilege is deemed waived because Plaintiff gave the document to his union. Plaintiff does not challenge the Magistrate Judge's finding that where attorney-client privilege is waived for a first draft,

4

privilege as to subsequent drafts is also waived. Accordingly, Magistrate Judge Majzoub's finding that attorney-client privilege is waived with respect to the final draft of "My Story" is affirmed.

### B. Work Product Doctrine

The work product doctrine protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative. *U.S. v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006)(citing Fed.R.Civ.P. 26(b)(3)). "A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation'" *Id*. The test to determine whether a document was prepared "in anticipation of litigation" has two components: (1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose; and (2) whether that subjective anticipation of litigation was objectively reasonable. *Id*. at 594. "[A] party may satisfy its burden of showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories, and...the showing can be opposed or controverted in the same manner." *Id*. at 597. "Where an 'undisputed affidavit is specific and detailed to indicate that the documents were prepared in anticipation of litigation or trial,' then the party claiming work product protection has met its burden...[h]owever, application of the privilege will be rejected where the 'only basis' for the claim is an affidavit containing 'conclusory statements.'" *Id*. (citations omitted).

In this case, Magistrate Judge Majzoub rejected Plaintiff's assertion of the work product

privilege because it was unaccompanied by any form of proof.  Plaintiff has submitted nothing

more than attorney argument to support the assertion that the final draft of "My Story" qualifies

as work product.  Contrary to Plaintiff's counsel's unsupported, and erroneous, allegation that

"[a]s an officer of the Court, Plaintiff's counsel's representations to the Court on the record

should have been given as much weight as they would have in an affidavit," Plaintiff failed to

carry his burden of establishing that the final draft of "My Story" was created "in anticipation of

litigation."  Magistrate Judge Majzoub's finding is affirmed.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Objection to the Magistrate's

Opinion and Order granting motion to compel final draft of "My Story," and **AFFIRMS** the

Magistrate's Opinion and Order.

**IT IS SO ORDERED.**


**S/Sean F. Cox_____**
**Sean F. Cox**
**United States District Judge**

**Dated:  October 1, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record**
**on October 1, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez_____**
**Case Manager**